**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: ) | |
| ) | |
| Thomas Michael Mahon ) | |
| ) | |
| Debtor in a Foreign Proceeding. ) | Chapter 15 |
| ) | Case No. 20- |

# VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING AND RELATED RELIEF

Tom Straw and Stephen R. Penn, in their capacities as Joint Trustees and foreign representatives ("Trustees" or "Foreign Representatives") of Thomas Michael Mahon, the bankrupt ("Debtor") in a proceeding pending (the "English Proceeding") under the United Kingdom Insolvency Act 1986 (the "English Law")[1] respectfully submit this Verified Petition (and together with the Official Form 401 Chapter 15 Petition for Recognition of a Foreign Proceeding, (the "Petition") seeking entry of an order pursuant to sections 105(a), 1504, 1507, 1515, 1517, 1520 and 1521 of title 11 of the United States Code, 11 U.S.C. §§101 et seq (the "Bankruptcy Code"), substantially in the form annexed hereto as Exhibit B (the "Proposed Order"):

  a. finding that (i) the English Proceeding is a foreign main proceeding within the meaning of section 1502 of the Bankruptcy Code, (ii) the Foreign Representatives satisfy the requirements of a "foreign representative" under section 101(24) of the Bankruptcy Code and (iii) the Petition was properly filed and meets the requirements of section 1515 of the Bankruptcy Code;

---

[1] A copy of the Table of Contents, Part IX, Part XI (Interpretation) and Schedule 5 (Powers of Trustee in Bankruptcy) of the Insolvency Act 1986 are attached hereto as Exhibit A.

1

b.    granting recognition of the English Proceeding as a "foreign main proceeding" under sections 1517 and 1520 of the Bankruptcy Code;

c. granting all relief afforded to foreign main proceedings under section 1520 of the Bankruptcy Code;

d. waiving the 14-day stay of effectiveness of the Proposed Order; and

e. granting related relief.

In support of the Petition, the Foreign Representatives respectfully represent as follows:

## PRELIMINARY STATEMENT

1.    The Debtor, Thomas Michael Mahon, submitted an application on November 4, 2019 for a bankruptcy order to be made against him and a Bankruptcy Order was entered by The Insolvency Service Adjudicator's Office on November 5, 2019 (the "Bankruptcy Order").  A certified copy of the Bankruptcy Order is attached to Official Form 401 as Attachment 1. Pursuant to Chapter VII of the English Law, the English Proceeding is subject to the control and supervision of the High Court of Justice of England and Wales (the "English Court").

2.    The Trustees were appointed as joint trustees on Dec. 19, 2019 as reflected in the certified copy of the Certificate of Appointment attached to Official Form 401 as Attachment 2.

3.    On information and belief the Debtor owned the equity of English Cut Limited (the "Company")' a company organized under the laws of England and Wales (Registration No. 05544574) and was a director and employee of the Company.

4.    The Company was placed in administration under the laws of the United Kingdom on July 31, 2017, and currently remains subject to an Administration as

2

filed in the High Court of Justice Case No. CR-2017-00567 (the "Administration").[2]

5.    The Company was a premium men's clothing designer and tailor that specialized in designing, tailoring, and selling high-end bespoke and made-to-measure business suits.

6.    As far as the Trustees are aware, following numerous meetings in Massachusetts in 2014 and 2015 between the Debtor and Todd Enright, a principal of White Winston Select Asset Funds, LLC ("White Winston"), White Winston loaned and invested over $2 million to the Company and, in part, received up to a thirty percent (30%) ownership interest in the Company. The Company defaulted on the loan and White Winston filed a complaint on November 13, 2019 against the Debtor in the United States District Court for the District of Massachusetts[3] (the "White Winston Litigation").[4] White Winston has alleged that it was fraudulently induced by the Debtor to invest in the Company, that the Debtor and an associate looted the Company of the invested funds and that the Debtor claimed personal ownership of the Company's domain name which was supposedly collateral for the Company's obligations to White Winston.

7.    The Debtor claims to be employed as a tailor for a company known as Redmayne 1860, 30 High Street, London CA7 9NJ. Redmayne 1860 is a trading name for Eden Outfitters Ltd., Company No. 11222100, which is allegedly owned by the Debtor's wife and has the same address as Redmayne. Redmayne's website focuses on the Debtor, offering "Bespoke Tailoring by Tom Mahon – Next USA City Visit Spring 2020."[5] The website indicates that visits to

---

[2] Simon Thomas and Arron Kendall of MoorFields Advisory Ltd. are the Administrators of English Cut Ltd. and Stephen R. Penn was appointed as Joint Trustee to deal with any matters that might involve a conflict between Tom Straw of MoorFields as a Trustee in the bankruptcy and the Administration.
[3] White Winston Select Asset Funds, LLC v. Thomas Michael Mahon, Case No. 1:19-cv-12339.
[4] A copy of the complaint is attached hereto as Exhibit C.
[5] www.redmayne1860.com

3

ACTIVE/102060892.5

Atlanta, Boston, Los Angeles, New York and San Francisco are planned for Spring 2020 and that visits to these cities were made in November 2019.

Pursuant to the judgment in a prior action among White Winston, English Cut London Limited (f/k/a White Winston London Limited) and Mahon, "in 1995" Mahon "built up a steady and loyal customer base in the UK, Europe and, as a result of sales trips, the USA."[6] Accordingly, there is evidence that Mahon has had substantial business in the United States for decades.

8. The Trustees (a) need the benefit of the automatic stay that will enter upon recognition to stay the White Winston Litigation because such litigation affects property that may comprise the bankruptcy estate[7] and (b) require access to information concerning the Debtor's assets, affairs and rights in the United States to determine if the Debtor has assets in the United States that should be part of the bankruptcy estate.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)

---

[6] See Judgment entered in White Winston Select Asset Funds, LLC and English Cut London Limited v. Thomas Michael Mahon and S. Redmayne Limited, BL-2017-000228, in the Business and Property Courts of England and Wales, Business List, in the High Court of Justice (a genuine copy of which is attached as Exhibit D.

[7] , Under Schedule 5, section 2 of the English Law, which is made applicable to Mahon's bankruptcy case in England pursuant to section 314(1) of the English Law, the Trustees have the power and responsibility to bring, institute or defend *any* action or legal proceedings relating to the property comprised in Mahon's bankruptcy estate. Pursuant to Schedule 5, section 14(c), the Trustees have the necessary power to sued and be sued on behalf of Mahon's bankruptcy estate. Multiple other sections of Schedule 5 broadly authorize the Trustees to do any other act which is necessary or expedient to perform and fulfill their duties and responsibilities in Mahon's bankruptcy case. Accordingly, the White Winston Litigation is an action the Trustees must defend or prosecute on behalf of Mahon's bankruptcy estate. Among other things, the White Winston Litigation involves the determination and liquidation of White Winston's claim in Mahon's bankruptcy case. Ultimately, it is the Trustees who are obligated to defend, calculate or compromise that claim, and thereafter make a *pro rata* distribution of the proceeds of the liquidation of the property in Mahon's bankruptcy estate to White Winston on account of that claim. Moreover, to the extent any counterclaims against White Winston exist (which, upon information and belief, Mahon believes do exist), those counterclaims are property of Mahon's bankruptcy estate pursuant to section 283 of the English Law, which only the Trustees may assert for the benefit of Mahon's bankruptcy estate.

4

and 1334 and Local Rule 201 of the United States District Court for the District of Massachusetts. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

10. Venue is proper in this District pursuant to 28 U.S.C. § 1410 because the Debtor does not have a place of business and may not have assets in the United States but there is an action against him pending in the District of Massachusetts, i.e. the White Winston Litigation.

11. This case has been properly commenced pursuant to sections 1504, 1509 and 1515 of the Bankruptcy Code by the filing of the Petition seeking recognition of the English Proceeding as a foreign main proceeding under section 1515 of the Bankruptcy Code. The statutory bases for relief are sections 105(a), 1504, 1507, 1509, 1515, 1517, 1520 and 1521 of the Bankruptcy Code.

## **RELIEF REQUESTED**

12. The Foreign Representative respectfully requests the entry of the Proposed Order, substantially in the form attached hereto as **Exhibit B** finding that:

(a) (i) the English Proceeding is a "foreign main proceeding" within the meaning of section 1502 of the Bankruptcy Code,

(ii) the Foreign Representative satisfies the requirements of a "foreign representative" under section 101(24) of the Bankruptcy Code and (iii) the Petition was properly filed and meets the requirements of section 1515 of the Bankruptcy Code;

b. granting recognition of the Scheme as a foreign main proceeding under sections 1517 and 1520 of the Bankruptcy Code;

c. granting all relief afforded to foreign main proceedings under section 1520 of the Bankruptcy Code;

d. granting related relief in the form of discovery as contemplated by section 1521(a)(4) of the Bankruptcy Code permitting the examination of witnesses, the taking of evidence and the delivery of information concerning the Debtor's assets, affairs, rights, obligations or liabilities; and

5

  e.  waiving the 14-day stay of effectiveness of the Proposed Order;

**I.**  **The English Proceeding is a Foreign Main Proceeding**

  13.  The English Proceeding is entitled to recognition as a foreign main proceeding under chapter 15 of the Bankruptcy Code. Section 1517(a) of the Bankruptcy Code provides that, subject to section 1506 of the Bankruptcy Code, a court "shall" enter an order granting recognition of a foreign proceeding if:

> (1) such foreign proceeding is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502 of the Bankruptcy Code;
>
> (2) the foreign representative applying for recognition is a person or body; and
>
> (3) the petition meets the requirements of section 1515 of the Bankruptcy Code.

11 U.S.C. § 1517(a); *see* H.R. Rep. No. 109-31, pt. 1, at 113 (2005) ("The decision to grant recognition is not dependent upon any findings about the nature of the foreign proceedings . . . [t]he requirements of this section . . . are all that must be fulfilled to attain recognition."). Section 1517(b) of the Bankruptcy Code provides that a foreign proceeding "shall be recognized . . . (1) as a foreign main proceeding if it is pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1517(b)(1). As summarized in a decision entered shortly after chapter 15 went into effect, an English bankruptcy proceeding like the English Proceeding easily qualifies for recognition:

> Based on the evidence presented, the Court is convinced that O'Sullivan meets the definition in § 101(24) of a foreign representative and that the English proceeding is a foreign proceeding under § 101(23). The exhibits the Trustee provided to the Court at the Final Hearing included a certified copy of the English Order declaring Loy a bankrupt and appointing O'Sullivan as Trustee of Loy's estate. O'Sullivan's petition that led to the English Order was filed under the English Insolvency Act of 1986, which

6

> has significant parallels to the United States Bankruptcy Code such that an action under the Insolvency Act meets the definition of foreign proceeding under §101(23). *See In re Headington Invs. Ltd.,* 145 B.R. 151, 164 (Bankr.S.D.N.Y.1992).
>
> <u>In re Loy</u>, 380 B.R. 154, 162-163 (Bankr. E. D. Vir., 2007)

Here, as in <u>Loy</u>, all of the requirements for recognition of the English Proceeding as a foreign main proceeding are satisfied as demonstrated below.[8]

14.  Section 1517 employs terms defined elsewhere in the Bankruptcy Code and implicates those definitional provisions among the requirements for recognition. Specifically, section 101(23) defines "foreign proceeding," section 101(24) defines "foreign representative," section 1502(4) defines "foreign main proceeding" and section 1502(5) defines "foreign nonmain proceeding."

### A.  **The English Proceeding is a Foreign Proceeding**

15.  The English Proceeding satisfies the definitional requirements of a "foreign proceeding" under section 101(23). The concept of a "foreign proceeding" under chapter 15 finds its origins in the definition of "foreign proceeding" contained in Article 2(a) of the UNCITRAL Model Law on Cross-Border Insolvency (the "Model Law").[9] As set forth in the Guide to Enactment and Interpretation of the Model Law (the "Guide"), to fall within the scope of the Model Law, a proceeding must include the following attributes: a basis in insolvency-related law of the originating State; involvement of creditors collectively; control or supervision of the assets and

---

[8] Recognition has been granted to additional English bankruptcy cases which were not the subject of reported decisions. *See* <u>In re Friedel</u>, 14-12113-aih (Bankr. N.D. Ohio May 8, 2014), <u>In re Davis</u>, 14-01786-RNO (Bankr. M.D. Pa. May 29, 2014), <u>In re Heavey</u>, 16-33230-rld15 (Bankr. D. Or. Oct. 5, 2016)' <u>In re McCormick</u>, 19-10768-CPM (Bankr. M.D. Fla. Dec. 27, 2019).

[9] <u>See</u> UNCITRAL Model Law on Cross–Border Insolvency with Guide to Enactment and Interpretation (2014), available at https://uncitral.un.org/sites/uncitral.un.org/files/media-documents/uncitral/en/1997-model-law-insol-2013-guide-enactment-e.pdf. UNCITRAL issued a revised Guide in 2013 that resulted in relocation of paragraphs from the original 1997 Guide. Citations are to the revised Guide.

7

ACTIVE/102060892.5

affairs of the debtor by a court or another official body; and reorganization or liquidation of the debtor as the purpose of the proceeding…. See Guide ¶ 66. This concept is codified in the Bankruptcy Code at section 101(23), which states:

> The term "foreign proceeding" means a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.[10]

16. U.S. bankruptcy courts interpret section 101(23) as imposing a seven-part test, each element of which must be satisfied before a proceeding may qualify as a "foreign proceeding" within the scope of chapter 15. In re ABC Learning Centres Ltd., 728 F.3d 301, 307-08 (3d Cir. 2013), cert. denied, 134 S. Ct. 1283 (2014); In re Betcorp Ltd., 400 B.R. 266, 276-77 (Bankr. D. Nev. 2009); In re Ashapura Minechem Ltd., 480 B.R. 129, 136 (Bankr. S.D.N.Y. 2012); In re Manley Toys Ltd., 580 B.R. 632 (Bankr. D.N.J. 2018), aff'd, 597 B.R. 578 (D.N.J. 2019). These elements are (i) the existence of a proceeding; (ii) that is either judicial or administrative in nature; (iii) that is collective in nature; (iv) in a foreign country; (v) authorized or conducted under a law related to insolvency or the adjustment of debts; (vi) in which the debtor's assets and affairs are subject to the control or supervision of a foreign court; and (vii) which proceeding is for the purpose of reorganization or liquidation. Id.

17. For purposes of section 101(23), the Betcorp opinion endorses the broad definition of proceeding suggested by the Council Regulation 1346/2000, O.J. (L 160) (EC), and characterizes the essence of a proceeding as "acts and formalities set down in law so that courts,

---

[10] In enacting chapter 15, Congress prescribed a rule of interpretation that expressly requires United States courts to take into account the statute's international origin and to promote applications of chapter 15 that are consistent with versions of the Model Law adopted in other jurisdictions. In re Fairfield Sentry Ltd., 714 F.3d 127, 136 (2d Cir. 2013); In re Pro-Fit Int'l, Ltd., 391 B.R. 850, 857 (Bankr. C.D. Cal. 2008); see also In re ABC Learning Centres Ltd., 728 F.3d at 304-06. Thus, when interpreting chapter 15, a United States court is instructed to "consider its international origin, and the need to promote an application of [chapter 15] that is consistent with the application of similar statutes adopted by foreign jurisdictions." 11 U.S.C. § 1508.

merchants and creditors can know them in advance, and apply them evenly in practice." 400 B.R. at 278. In re ABC Learning Centres Ltd., 445 B.R. 318 (Bankr. D. Del. 2010), aff'd, 728 F.3d 301 (3d Cir. 2013), cert. denied, 134 S. Ct. 1283 (2014) (quoting and following In re Betcorp Ltd.). The English Proceeding meets the definition of a "proceeding." In this case, the statutory framework is the English Law, Part IX (Bankruptcy) of the Insolvency Act 1986, which sets forth, *inter alia*, the requirements for the Debtor to submit an application for a bankruptcy order to be made against him and implements the process by which the bankruptcy will proceed.

### B. The English Proceeding is Judicial in Nature

18. A proceeding is deemed "judicial in nature" under section 101(23) where the proceeding is subject to review by a court. In re Betcorp Ltd., 400 B.R. at 280-81; accord In re ABC Learning Centres Ltd., 445 B.R. at 328. Chapter VII of Part IX, Powers of Court in Bankruptcy, confirms that the Debtor and the English Proceeding will be under the supervision of the English Court. Because involvement and oversight of the English Court is required by the English Law, the English Proceeding clearly qualifies as "judicial in nature" under section 101(23).

### C. The English Proceeding is Collective in Nature

19. Section 101(23) also requires that the proceeding be "collective." The legislative history of chapter 15 notes that it adopts the definition of foreign proceeding nearly verbatim from the Model Law. H.R. Rep. No. 109-31, pt. 1, at 118 (2005) ("House Report"). It also directs reference to the Model Law and the Guide as aids to interpreting chapter 15. Id. at 109; note 11 supra. The Guide, in turn, takes a broad view of collective proceedings which may include "a variety of collective proceedings… be they compulsory or voluntary, corporate or individual, winding-up or reorganization." Guide ¶ 71. Case law takes a similar approach. See, e.g., In re Betcorp Ltd., 400 B.R. at 281; In re Gold & Honey, Ltd., 410 B.R. 357, 370 (Bankr. E.D.N.Y.

9

2009); In re ABC Learning Centres Ltd., 728 F.3d at 318 ("A proceeding is collective if it considers the rights and obligations of all creditors.") (citing In re Betcorp Ltd., supra); In re Avanti Commc'ns Grp. plc, 582 B.R. at 614 ("The UK Proceeding [a scheme of arrangement] fits the definition of a "foreign proceeding" in section 101(23) of the Bankruptcy Code as a collective proceeding for the adjustment of debt supervised by a judicial authority.").

20. The English Law provides for the collection and "realization" (monetization) of the bankrupt's assets and the distribution to creditors, making the English Proceedings self-evidently collective. "Collective" proceedings are often contrasted with a single creditor-initiated receivership, which is presumed to operate for the benefit of that creditor rather than all creditors collectively. See, e.g., In re Betcorp Ltd., 400 B.R. at 281; In re Gold & Honey, Ltd., 410 B.R. at 370. In Gold & Honey, the court distinguished a non-collective single creditor receivership from schemes of arrangement, noting that scheme proceedings are initiated by the debtor for purposes of paying creditors "with court supervision to ensure evenhandedness." 410 B.R. at 370.[11]

21. Because the English Law and the involvement of the English Court assures consideration of the "rights and obligations" of all affected creditors, the English Proceeding is "collective" as defined by the authorities discussed in above.

### D. The English Proceeding is in a Foreign Country

22. There can no dispute that the English Proceeding is taking place in England before the English Court. Likewise, there can be no dispute that this element of the section 101(23) analysis is satisfied.

### E. The English Proceeding is Under a Law "relating to insolvency"

---

[11] See also In re ABC Learning Centres Ltd., 728 F.3d at 310, focusing on the requirement for identical treatment of creditors of the same priority as indicative of the collective nature of a proceeding. ("It is undisputed that the Australian liquidation proceeding is a collective proceeding. The liquidator must distribute assets on a pro-rata basis to creditors of the same priority.")

10

23. The English Proceeding is being conducted under the English Law – the Insolvency Act 1986. This is indisputably a law relating to insolvency, satisfying this element of a foreign proceeding.

**F.  The Assets and Affairs of the Company are Subject to the Control or Supervision of a Foreign Court**

24. Section 1502(3) defines "foreign court" as a "judicial or other authority competent to control or supervise a foreign proceeding." By virtue of the applicable provisions of the English Law, the English Court has direct supervisory authority over the English proceeding. English Law Part IX, Chapter VII. In light of the control of the English Court detailed in the English Law, this element of a foreign proceeding is satisfied In re Betcorp Ltd., 400 B.R. at 284; In re Avanti Commc'ns Grp. plc, 582 B.R. at 614.

**G.   The English Proceeding is for the Purpose of Liquidation**

25. The English Law denominates several types of proceedings, including proceedings that are aimed at restructuring. See English Law Table of Contents, identifying Administration, Company Voluntary Arrangements, Individual Voluntary Arrangements. However, Bankruptcy is purely a liquidation proceeding. English Law, Part IX.

**H.  The English Proceeding Qualifies for Recognition as a "Foreign Main Proceeding" Under Sections 1517 and 1502(4)**

26. In order to be recognized under chapter 15, a foreign proceeding must be either main or nonmain. See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd., 374 B.R. 122, 126-27 (Bankr. S.D.N.Y. 2007), aff'd, 389 B.R. 325 (S.D.N.Y. 2008). The essence of the requirement that there be either the Debtor's center of main interests ("COMI") or an establishment in the country of the foreign proceeding as a condition to recognition is the determination of the legislators that a Debtor must have an economic or residency presence in the

11

country that is conducting the foreign proceeding for the foreign proceeding to be eligible for assistance from courts in the United States.[12]

27.  Here, the Foreign Representatives seek recognition of the English Proceeding as a foreign main proceeding under section 1517(a)(1).  Section 1502(4) defines a foreign main proceeding as a "foreign proceeding pending in the country where the debtor has the center of its main interests" (or COMI).  Section 1516 creates a presumption that, in the absence of evidence to the contrary, an individual debtor's habitual residence is his COMI,  Since the Debtor's bankruptcy order shows his habitual residence as Wigton, a town in England, the Debtor's COMI is presumed to be in the United Kingdom.  The Trustees are not aware of any facts that would rebut the presumption.

## II.     The Foreign Representative Satisfies the Requirements of a "Foreign Representative" Under Section 101(24) of the Bankruptcy Code

28.  For recognition under chapter 15, a foreign proceeding must also have a foreign representative. *See* 11 U.S.C. § 1517(a)(2). The Foreign Representatives submit that this Chapter 15 Case was commenced by duly appointed and authorized "foreign representative[s]" within the meaning of section 101(24) of the Bankruptcy Code. Section 101(24) of the Bankruptcy Code provides as follows:

> The term "foreign representative" means a person or body,
> including a person or body appointed on an interim basis,
> authorized in a foreign proceeding to administer the reorganization
> or the liquidation of the debtor's assets or affairs or to act as a
> representative of such foreign proceeding.
> 11 U.S.C. § 101(24).

---

[12] In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd., 389 B.R. at 333-334 ("The objective criteria for recognition reflect the legislative decision by UNCITRAL and Congress that a foreign proceeding should not be entitled direct access to or assistance from the host country courts unless the debtor had a sufficient pre-petition economic presence in the country of the foreign proceeding. See House Report at 110; § 1509(b)(3).").

29. Here, the Trustees were appointed by the Secretary of State as authorized by Section 296 of the English Law and were empowered to administer and control the Debtor's estate by Article IX, Chapter IV of the English Law. Consequently they meet the definitional requirements of Bankruptcy Code section 101(24) and satisfy the requirements of section 1517(a)(2).

## IV. The Petition was Properly Filed and Satisfied the Requirements of Section 1515 of the Bankruptcy Code

30. The Foreign Representatives duly and properly commenced this Chapter 15 Case in accordance with sections 1504 and 1509 of the Bankruptcy Code, which require the filing of a petition for recognition under section 1515 of the Bankruptcy Code. *See* 11 U.S.C. §§ 1504, 1509(a). In accordance with section 1515(b)(1) of the Bankruptcy Code, the Foreign Representatives attached to the Form of Voluntary Petition (a) a certified copy of the Bankruptcy Order making the Debtor a bankrupt in the English Proceeding and (b) a certified copy of the Certificate of Appointment of the Trustee(s) by the Secretary of State appointing Tom Straw and Stephen R. Penn as the joint trustees with respect thereto. In accordance with section 1515(c) of the Bankruptcy Code, the Foreign Representative also indicated in the Form of Voluntary Petition that the English Proceeding was the only known pending "foreign proceeding" with respect to the Debtor. Accordingly, the requirements of section 1515 have been satisfied.

## V. The Trustees Are Entitled to Automatic Relief Under Section 1520 of the Bankruptcy Code

31. Section 1520(a) of the Bankruptcy Code sets forth a series of statutory protections that automatically result from the recognition of a foreign main proceeding, including the application of the protection afforded by the automatic stay under section 362(a) of the

13

Bankruptcy Code to the Debtor and the property of the Mahon bankruptcy estate located within the territorial jurisdiction of the United States. *See* 11 U.S.C. 1520(a). Given that the protections set forth in section 1520(a) flow automatically from the recognition of a foreign main proceeding under section 1517, the Foreign Representative respectfully submits that no further showing is required to the extent the Court recognizes the English Proceeding as a foreign main proceeding.

## VI.     Certain Additional Relief Upon Recognition is Both Necessary and Appropriate and Should be Granted

32.     In addition to recognition of the English Proceeding as a foreign main proceeding, the Foreign Representative submits that the relief sought in the Petition that does not flow automatically from section 1520(a), granting the Trustees broad discovery powers, is authorized under sections 105(a), 1507 and 1521(a)94) of the Bankruptcy Code and is consistent with well-established principles of international comity.

33.     Chapter 15 of the Bankruptcy Code empowers "courts with broad, flexible rules to fashion relief that is appropriate to effectuate the objectives of the chapter in accordance with comity." *In re Rede Energia S.A.*, 515 B.R. 69, 91 (Bankr. S.D.N.Y. 2014) (*citing In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 333-34 (S.D.N.Y. 2008)).

34.     Section 1521 of the Bankruptcy Code specifically contemplates granting discovery to a foreign representative as appropriate relief:

> §1521 **(a)** Upon recognition of a foreign proceeding, whether main or nonmain, where necessary to effectuate the purpose of this chapter and to protect the assets of the debtor or the interests of the creditors, the court may, at the request of the foreign representative, grant any appropriate relief, including—
> (4) providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities…

35. Courts that have considered the issue apply "the broad scope of rule 2004 to §1521(a)(4), liberally interpreting §1521(a)(4) to include all manner of topics that relate, in some way, to the debtor's assets and affairs." Tomasco and Clark, <u>Heads I Win, Tails You Lose</u>, Sept. 2019 ABI Journal, , p. 26. See also <u>Millennium Glob. Emerging Credit Master Fund Ltd.</u>, 471 B.R. 342, 347 (stating that "one of the main purposes of chapter 15 is to assist a foreign representative in the administration of the foreign estate, which would militate in favor of granting a foreign representative broad discovery rights using the full scope of Rule 2004.").

36. While section 1521(a)(4) likely suffices to support granting the discovery that the Trustees request, sections 1507 Additional assistance, and 105, Power of court, would fill any gaps.

### VII. Recognition of the English Proceeding and Granting Additional Relief Comport with the Bankruptcy Code and are Consistent with U.S. Public Policy

37. Although section 1506 places a limitation on relief available under chapter 15 if such relief is manifestly contrary to U.S. public policy, this exception is narrowly construed. *See In re Metcalfe & Mansfield Alternative Invs.*, 421 B.R. at 697 (*citing In re Ephedra Prods. Liab. Litig.*, 349 B.R. 333 (S.D.N.Y. 2006)); *see also In re Poymanov*, 571 B.R. at 38 (noting that the public policy exception "is to be applied sparingly"); *In re OAS S.A.*, 533 B.R. at 103 (recognizing that the public policy exception "requires a narrow reading") (internal citation and quotations omitted). "[T]he word 'manifestly' in international usage restricts the public policy exception to the most fundamental policies of the United States." *In re Metcalfe & Mansfield Alternative Invs.*, 421 B.R. at 697 (internal citation omitted).

38. Nothing in the English Proceeding or in the request for discovery is manifestly contrary to U.S. public policy. In fact, the English Law has been characterized as having "significant parallels to the United States Bankruptcy Code." <u>Loy</u>, supra, 380 B.R. at 162-163.

15

Recognizing the English Proceeding and granting discovery rights to the Foreign Representatives comport with U.S. public policy and are by no means manifestly contrary to it.

**VIII. Waiver of the Stay is Appropriate to Ensure Expeditious Implementation of the Scheme**

39. The Foreign Representatives respectfully requests that, to the extent applicable, the Court cause the Proposed Order to become effective immediately upon entry, notwithstanding the 14-day stay of effectiveness of the order imposed by operation of the Bankruptcy Code or the Bankruptcy Rules, including Bankruptcy Rules 1018, 3020(e), 6004(h), 7062 and 9014. Such a waiver is appropriate in these circumstances to allow the Foreign Representatives to expeditiously administer the Debtor's estate, and to ensure the automatic stay operates with respect to the White Winston Litigation as soon as possible.[13]

.

**NOTICE**

40. Notice of this Petition has been provided to: (i) the United States Trustee for the District of Massachusetts, (ii) the Debtor [by email] and in care of its counsel in the White Winston litigation, Jacob A. Walker and (iii) White Winston in care of its counsel in the White Winston litigation, Jeffrey D. Sternklar.

**NO PRIOR REQUEST**

41. No prior request for the relief sought in this Petition has been made to this or any other court.

---

[13] Mahon has filed a motion to dismiss the White Winston Litigation. By agreement, the deadline for White Winston to respond to the motion to dismiss has been extended to February 14, 2020. The Trustees require that the *status quo* be maintained with respect to the White Winston Litigation. Accordingly, the Trustees reserve the right to seek provisional relief from this Court under 11 U.S.C. §1519 to impose the automatic stay to stay the White Winston Litigation after February 14 and until the Court determines whether to enter the Proposed Order and the relief sought by this Petition.

16

**WHEREFORE**, the Foreign Representative respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit B**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: January 30, 2020
Boston, Massachusetts

        Respectfully submitted,

        /s/ Daniel M Glosband
        Daniel M. Glosband
        Jacob Esher
        c/o CBInsolvency, LLC
        34 Atlantic Avenue
        Swampscott, MA 01907
        617 669-1541

        Counsel to the Foreign Representatives

## STATEMENT OF VERIFICATION

Pursuant to 28 U.S.C. § 1746, Tom Straw hereby declares as follows under penalty of perjury:

1. I am one of two joint trustees appointed in the bankruptcy proceeding of Thomas Michael Mahon (defined above as the English Proceeding) and I am, consequently, one of the duly authorized foreign representatives of that English Proceeding. I am duly authorized by statute to file this Petition and to commence and act in this Chapter 15 Case.

2. I have read the foregoing Petition and believe that the factual allegations contained therein are true and accurate to the best of my knowledge, information and belief.

3. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: January 30, 2020

_____
Tom Straw, Trustee